UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONLAN ABU and
RYAN MOORE,

      Plaintiffs,

v.

Civil Case No. 20-10747
Honorable Linda V. Parker

STANLEY B. DICKSON and
DICKSON & ASSOCIATES, PC,

      Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

Defendants Stanley B. Dickson and Dickson & Associates filed a motion to dismiss or for summary judgment (ECF No. 9), which this Court granted in part and denied in part on March 22, 2021 (ECF No. 14). The matter is now before the Court on Defendants' motion for reconsideration with respect to the Court's denial of summary judgment as to Plaintiffs' Computer Fraud and Abuse Act and Stored Communications Act claims. (ECF No. 16). Plaintiffs filed a response to the motion. (ECF No. 18.) For the reasons that follow, the Court is denying the motion.

When Defendants filed their motion for reconsideration on April 5, 2021, the Local Rules for the Eastern District of Michigan provided the following standard for such motions:[1]

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002).

In their motion, Defendants claim that the Court mistakenly distinguished "a company's authority to access the emails stored on company-owned servers and its authority to access the emails stored on third-party servers via company-owned licenses." (ECF No. 16 at Pg ID 720). Defendants misread the Court's previous opinion and order, however. As an initial matter, the Court did not state that Defendants "*would* have been authorized" to access the emails at issue if "[t]he Account had been 'stored on Defendants' server.'" (*Id.* at Pg ID 719-20 (citing ECF No. 14 at Pg ID 697-98).) Instead, the Court said "may", which is consistent

---

[1] Local Rule 7.1 was amended, effective December 1, 2021.

with the *Sargeant* court's position that ownership of the server "is not dispositive." *Sargeant v. Maroil Trading Inc.*, No. 17-81070, 2018 WL 3031841, at \*6 (S.D. Fla. May 30, 2018). It is merely one factor in determining authorization, which was the issue for which this Court found genuine issues of material fact precluding summary judgment. Even if the Court did err in its decision distinguishing the ownership of the server, it is not a palpable defect because it does not change the fact that there is a genuine issue of material fact as to authorization.

Defendants may have possessed some authorization to access the email accounts in question. (ECF No. 14 at Pg ID 697). However, a genuine issue of material fact remains as to whether or not Defendants exceeded their authorization. Having "the ability to access the individual email accounts and change their passwords . . . does not mean that the defendants were *authorized* to do so." *NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 938, 946 (N.D. Cal. 2014). Defendants could still exceed authorization when they have authority to access emails. *Brown Jordan Int'l v. Carmicle*, No. 0:14-cv-61415, 2016 WL 815827, at \*40-41 (S.D. Fla. Mar. 2, 2016) (holding there was CFAA liability for exceeding authorization when a member of management accessed employee emails though the company's policy allowed the company "to monitor and review Internet use and e-mail communications."). Defendants cite *Joseph v. Carnes*, 108 F. Supp. 3d

3

613 (N.D. Ill. 2015); however, that court did not find "that email administrators have the inherent authority to access the [email] archives" in question. *Id*. at 617.

This Court found a genuine issue of material fact regarding the extent of Defendants' authorization with respect to Mr. Moore's emails. (ECF No. 14 at Pg ID. 697). As the Supreme Court recently stated: "[A]n individual 'exceeds authorized access' when he accesses a computer with authorization but then obtains information located in particular areas of the computer—such as files, folders, or databases—that are off limits to him." *Van Buren v. United States*, 141 S. Ct. 1648, 1662 (2021). The record is not clear on whether Defendants were authorized to access the contents of Mr. Moore's email account. (ECF No. 14 at Pg ID. 697). Indeed, Mr. Moore says "that he never consented or gave Mr. Massey permission to view, print, or copy his personal emails." (*Id.* at Pg 698). Authorization is the material fact of which there is a genuine issue. The ownership of the servers is not dispositive. Therefore, no palpable defect exists in the Court's opinion and order.

For these reasons, the Court is **DENYING** Defendants' motion for

4

reconsideration (ECF No. 16).

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 7, 2022