UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONLAN ABU and
RYAN MOORE,

        Plaintiffs,

                                 Case No. 20-cv-10747

v.                               Honorable Linda V. Parker

STANLEY B. DICKSON and
DICKSON & ASSOCIATES, PC,

        Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS' (1) MOTION FOR LEAVE TO FILE AMENDED AFFIRMATIVE DEFENSES AND TO STAY DISCOVERY [ECF NO. 43] AND (2) MOTION FOR JUDGMENT ON THE PLEADINGS [ECF NO. 49]

This lawsuit, arising from a business deal that went sour, was filed more than three years ago. Plaintiffs are Conlan Abu, which entered into an agreement to purchase certain restaurant assets from The Epicurean Group, and Conlan Abu's 50% owner, Ryan Moore (collectively "Plaintiffs"). Defendants are Stanley Dickson, the owner of The Epicurean Group, and his firm, Dickson & Associates, PC (collectively "Defendants").

Presently before the Court is Defendants' motion for leave to amend their affirmative defenses to challenge Conlan Abu's capacity to sue due to its suspension by the California Franchise Tax Board and California Secretary of State

eighteen days before this action was filed.  (ECF No. 43.)  Defendants filed the

motion on September 12, 2022.  Arguing that Conlan Abu lacked the capacity to

file this action, that Ryan Moore lacks standing to raise the claims asserted in the

Complaint, and that the relevant statute of limitations therefore continued to run

despite the filing of this lawsuit and has since expired, Defendants also have filed a

motion for judgment on the pleadings.  (ECF No. 49.)  Both motions have been

fully briefed.

For the reasons set forth below, the Court is denying Defendants' motion to

amend their affirmative defenses.  As such, their basis for a stay is unwarranted.

Further, their motion for judgment on the pleadings, which is premised on this

defense, also is denied.

## Relevant Standard

Under Federal Rule of Civil Procedure 15(a), a party may file an amended

answer within 21 days of serving its initial answer.  Fed. R. Civ. P. 15(a).

Otherwise, "a party may amend its pleading only with the opposing party's written

consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Rule 15 provides that

"[t]he court should freely give leave when justice so requires."  *Id.*

When deciding whether to grant a motion to amend under Rule 15(a), the

Sixth Circuit has identified factors courts should consider, including "[u]ndue

delay in filing, lack of notice to the opposing party, bad faith by the moving party,

repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment . . ..” *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001); s*ee also Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998); *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). Although the Sixth Circuit also has advised that "[d]elay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Wade*, 259 F.3d at 458-59. "When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Id*. (citing *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)).

## Analysis

Rule 9 of the Federal Rules of Civil Procedure requires, in pertinent part, that a challenge to a party's capacity to sue must be raised "by a specific denial, which must state any supporting facts that are peculiarly within the party's knowledge." The Sixth Circuit has not answered whether a party waives the capacity-to-sue defense by failing to raise it at the pleading stage. However, the Sixth Circuit has held in two unpublished decisions that the defense is waived if

not raised before trial.[1] *Tri-Med Fin. Co. v. Nat'l Century Fin. Enter., Inc.*, Nos. 98-3617, 99-3062, 2000 WL 282445, at *5 (6th Cir. Mar. 6, 2000); *Hendricks v. Office of Clermont Cnty. Sheriff*, 326 F. Appx' 347, 349-50 (6th Cir. 2009).  In both cases, the Sixth Circuit relied on the Seventh Circuit's decision in *Wagner Furniture v. Kemner*, 929 F.2d 343, 345 (1991), and Professors Wright and Miller, 5 Wright & Miller, Fed. Practice and Proc. § 1295 (2d ed. 1990), advising "that the 'specific negative averment' provision is mandatory, and that proper enforcement of the rule requires *early* waiver of the right to object to capacity." *Tri-Med Fin.*,

---

[1] While the Sixth Circuit has held that the capacity-to-sue defense is waived if not raised before trial, it has never held or suggested, as Defendants represent, that the defense "may be properly raised late in the litigation so long as it occurs before trial." (ECF No. 45 at Pg ID 1442, 1445.)  Defendants rely in part on *Hendricks* to support their assertion but the Sixth Circuit there only addressed whether the defense was waived when raised after trial.  The court never suggested that the defense is preserved if raised any time earlier.  The other cases Defendants cite also do not support their assertion of the law in this Circuit.

While the district court in *Miller v. City of Cincinnati*, 870 F. Supp. 2d 534 (S.D. Ohio 2012), may have allowed the defendant to assert the defense four years after initiation of the case, there the "[p]laintiffs ha[d] not identified any prejudice as a result of having the issue of capacity raised at th[e particular] stage of the proceedings." *Id.* at 543.  The out-of-Circuit cases cited by Defendants also do not further their argument.  The court in *Harris v. New Orleans Police Department*, No. 11-cv-752, 2013 WL 1335613 (E.D. La. Mar. 29, 2013), failed to consider any of the relevant factors that must guide this Court's decision whether to allow Defendants' requested amendment. *See id.* at *4.  Contrary to Defendants' assertion, *Animazing Entertainment, Inc. v. Louis Lofredo Associates, Inc.*, 88 F. Supp. 2d 265 (S.D.N.Y. 2000), is not "particularly instructive." (ECF No. 45 at Pg ID 1443.)  There, the court found that the argument the plaintiffs were raising in their summary judgment motion was not the defendants' capacity to sue but their capacity to contract—"an essential element of the defendants' counterclaims, namely, the existence of a valid contract." *Id.* at 268.

2000 WL 282445, at *5 (emphasis added); *Hendricks*, 326 F. App'x at 349-50; *see also NAACP Labor Comm. of Front Royal, Va. v. Laborers' Int'l Union of N.A.*, 902 F. Supp. 688, 699 (W.D. Va. 1993), *aff'd* 67 F.3d 293 (4th Cir. 1995) (citing decisions from four different Circuits holding that a party "waive[s] the right to raise the issue of capacity . . . where the issue was not raised by pleading or motion before pleading.").

Plaintiffs alleged in the Complaint that Conlan Abu is a California corporation. (ECF No. 1 at Pg ID 2, ¶ 1.) Defendants responded that they "lack knowledge or information sufficient to form a belief about the truth [of those] allegations . . .." (ECF No. 22 at Pg ID 850, ¶ 1.) This general denial based on lack of knowledge is not a "specific negative averment" within the meaning of Rule 9. *See NAACP Labor Comm.*, 902 F. Supp. at 699; *Koho v. Forest Labs, Inc.*, No. C05-667, 2015 WL 1565889, at *3 (W.D. Wash. 2015); *Srock v. United States*, No. 04-cv-72788, 2006 WL 2460769, at *3 (E.D. Mich. Aug. 23, 2006). Clearly Defendants do not dispute this or they would not now be seeking leave to amend their affirmative defenses to challenge Conlan Abu's capacity to sue.

Courts considering whether to allow an amendment to raise the capacity-to-sue defense "have looked to the justification by the defendant for neglecting to bring up the issue in the answer or motion before pleading and the possibility of prejudice to the [p]laintiff if leave is granted." *Srock*, 2006 WL 2460769 at *5;

*Banking & Trading Corp. v. Reconstruction Fin. Corp.* 15 F.R.D. 360, 361-62 (S.D.N.Y. 1954); *see also Wade*, 259 F.3d at 458-59 (identifying "undue delay" and "unfair prejudice" as factors relevant to deciding whether leave to amend generally should be granted).  To justify their delay, Defendants claim they only "recently discovered" Conlan Abu's suspension.  (ECF No. 43 at Pg ID 1266.) Defendants fail to explain why this fact was only uncovered "recently," when Conlan Abu was suspended more than two and a half years before Defendants filed their present motion.  A California corporation's status in the State is a matter of public record, easily obtained on the websites of the California Secretary of State and the California Franchise Tax Board.  *See*

*https://bizfileonline.sos.ca.gov/search/business*; *https://webapp.ftb.ca.gov*. Defendants fail to provide an explanation for why two and a half years passed before they sought to challenge Conlan Abu's capacity.  Further, Plaintiffs will suffer substantial prejudice due to Defendants' delay.

It appears from the record that the two-year statute of limitations began to run for Plaintiff's remaining claims sometime in late August 2019.  (*See* ECF No. 1 at Pg ID 5-6, ¶ 21 (alleging that Defendants improperly accessed Plaintiffs' emails "in August of 2019 and/or thereafter"); ECF No. 48-10 (log of email searches on August 24 and 25, 2019).)  Thus, the statute of limitations would have expired in or around August 2021 but for the filing of this lawsuit (or any equitable

tolling found proper). Where a defendant waits until after the statute of limitations has run to challenge the plaintiff's capacity to sue, courts find undue prejudice caused by the delay. *Srock*, 2006 WL 2460769, at 5 (citing *Banking & Trading Corp.*, 15 F.R.D. at 361) (finding that "it would be unduly prejudicial to Plaintiff to grant an amendment that could lead to dismissal on the eve of trial after thorough discovery has already been conducted. Had Defendant asserted its defense in a timely manner, Plaintiff could have clearly established her appropriate representative authority, filed a new action, and avoided the statute of limitations"); *Gutierrez v. Woodland*, No. CIV 5-10-1142, 2012 WL 1640509, at *6 (E.D. Cal. May 9, 2012) (explaining that waiting until it was "too late for [the] plaintiffs to remedy the alleged defect [capacity to sue] because the limitations period ha[d] passed" was "a clear case for waiver"). As these courts reasoned and the District Court for the Southern District of New York expressed in *Banking & Trading Corp.*:

> [T]o grant the amendment [to assert a capacity-to-sue defense] would be to reward the defendant for its own neglect in failing to assert sooner the alleged defense. Had the objection now sought to be raised been made earlier, the plaintiff could unquestionably have either amended its complaint to sue in another capacity or begun a new action after clearly establishing its corporate status, without risking the possibility of defeat by reason of the limitation statute.

15 F.R.D. at 361.

7

Plaintiffs filed this lawsuit well within the two-year limitations period.  In fact, more than a year and a half remained for Plaintiffs to bring their claims when they filed this action on March 20, 2020.  Within four months of Defendants raising the issue of Conlan Abu's capacity to sue, Conlan Abu had corrected any deficiency with the California Secretary of State which limited its capacity to sue as a California corporation.[2]  *See https://bizfileonline.sos.ca.gov/search/business* (reflecting a January 12, 2023 amendment to change Conlan Abu to active status and good standing).  Undoubtedly, had Defendants challenged Conlan Abu's capacity to sue in a timely manner, it could have corrected any deficiency to regain its active status as a California corporation and refile its lawsuit before the statute of limitations expired.  Granting Defendants leave to amend to now assert their capacity-to-sue defense "would reward [them] for [their] own neglect in failing to assert sooner the alleged defense."  *Srock*, 2006 WL 2460769, at *5 (quoting *Banking & Trading Corp.*, 15 F.R.D. at 361).

---

[2] In their response brief, Plaintiffs indicate that Conlan Abu also filed the necessary forms with the California Franchise Tax Board and paid the required fees to be reinstated.  (ECF No. 44 at Pg ID 1411.)  As of September 26, 2022—the date Plaintiffs filed their response—they were still awaiting approval from the board. (*Id.*)  While it is not evident when that approval was given, the board's website reflects that Conlan Abu currently is in "revived" status.  *See https://webapp.ftb.ca.gov*.

**Conclusion**

In short, the Court finds that Defendants unduly delayed challenging the capacity of Conlan Abu to pursue this lawsuit and that allowing Defendants to now assert their capacity-to-sue defense would substantially prejudice Plaintiffs. Therefore, the Court **DENIES** Defendants' motion for leave to amend its affirmative defenses to assert a capacity-to-sue defense (ECF No. 43).  The Court, therefore, also **DENIES** Defendants' motion for judgment on the pleadings, which is based on that defense (ECF No. 49).

     **SO ORDERED**.

s/ Linda V. Parker_____
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 1, 2023